UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | |
|---|---|
| Steven Paroda, : | |
| : | Case No. 1:19-cv-02684 |
| Plaintiff, : | |
| : | |
| vs. : | OPINION & ORDER |
| : | [Resolving Doc. 7] |
| Van-Am Tool & Engineering, LLC, : | |
| : | |
| Defendant. : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Steven Paroda sues his former employer, Defendant Van-Am Tool & Engineering, LLC, for violations of ERISA disclosure and notification requirements and breach of fiduciary duties.[1]

On January 10, 2020, Defendant Van-Am Tool moved to dismiss the action for improper venue or in the alternative to transfer venue to the Western District of Missouri.[2]

For the following reasons, the Court **GRANTS** Defendant's motion to transfer venue.

I. **Background**

Van-Am Tool & Engineering, LLC assists customers with manufacturing needs. It is located in St. Joseph, Missouri.[3] All of Van Am's 70 employees work at its Missouri headquarters.[4]

On or about May 24, 2016, Plaintiff Paroda accepted Defendant Van-Am's employment offer as the company's President/CEO.[5] Van-Am paid to move Paroda's

---

[1] Doc. 1.
[2] Doc. 7. Plaintiff opposes. Doc. 8. Defendant replied. Doc. 9.
[3] Doc. 7-1 at 1.
[4] *Id.* at 2.
[5] Doc. 8-1 at 1.

personal belongings from Hendersonville, Tennessee to Medina, Ohio.[6] Plaintiff says he and his wife rented an apartment in Missouri while he was employed by the company.[7]

During Plaintiff Paroda's employment with Van-Am his company-maintained residence address was a Kansas City, Missouri address.[8] When Van-Am hired Plaintiff's wife she used the same Missouri address as Plaintiff.[9] Nonetheless, Plaintiff claims that he continued to own a home in Ohio and never changed his permanent residence to Missouri while he worked for Van-Am.[10]

On November 16, 2017, Van-Am fired Paroda. During Paroda's period of employment with Van-Am, the company administered its own 401K plan.[11] In this lawsuit, Paroda says he was eligible for plan participation during his employment, but Van-Am did not notify him of the plan's existence until after his termination. Paroda claims this violated ERISA's notification requirements.[12] Paroda claims that the lack of notification also breached Van-Am's fiduciary duty to Plaintiff.[13]

On November 15, 2019, Plaintiff Paroda, an Ohio resident, filed this lawsuit against Defendant Van-Am.[14] On January 10, 2020, Van-Am moved to dismiss the case, arguing improper venue. In the alternative, Van-Am moves to transfer the dispute to the Western District of Missouri.[15]

II. **Discussion**

---

[6] *Id.* at 2. Although Paroda says that Van Am paid to move his belongings to Ohio, Van Am says that the reimbursement provision in the employment contract was for Paroda to relocate to Missouri.
[7] *Id.*
[8] Doc. 7-1 at 3-4.
[9] *Id.* at 4.
[10] Doc. 8-1 at 2.
[11] Doc. 1 at 3.
[12] *Id.* at 2.
[13] *Id.* at 7-8.
[14] Doc. 1.
[15] Doc. 7.

### A. Venue Is Proper Only in Missouri.

"A district court of a district in which a case laying venue in the wrong division of district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[16]

The ERISA statute controls ERISA action jurisdiction. Specifically, a district court has jurisdiction over an ERISA action if it is brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."[17]

Plaintiff Paroda does not dispute that the plan is administered in Missouri and that Defendant Van-Am is located in Missouri.[18] Under the ERISA statute, the action could have properly been brought in Missouri.

The dispute between the parties is whether the breach took place in Ohio, as Plaintiff contends.[19] If so, then this Court could also be an appropriate venue.

Plaintiff argues that "an ERISA breach takes place where a plaintiff resides."[20] Although Plaintiff maintained an apartment in Missouri and listed his Kansas City, Missouri address with Van-Am, Plaintiff says that his permanent residence has always been in Ohio.[21] Plaintiff claims that the breach took place where he resides, Ohio, and venue is proper here.

Defendant Van-Am says that ERISA breaches occur where the plan is

---

[16] 28 U.S.C. § 1406(a).
[17] 29 U.S.C. § 1132(e)(2).
[18] Doc. 8 at 3.
[19] *Id.*
[20] *Id.* The two cases Plaintiff cites actually stand for the proposition that a beneficiary may "sue for benefits in the district where they would be received," *Sherman v. Life Ins. Co.*, No. 7:18-cv-115 (HL), 2018 U.S. Dist. LEXIS 132104, at *2 (M.D. Ga. Aug. 7, 2018), which does not "*always* take[] place where the beneficiary is located." *Barker v. New Energy Corp.*, No. CV 206-183, 2006 U.S. Dist. LEXIS 85190, at *8 (S.D. Ga. Nov. 21, 2006) (emphasis in original).
[21] *Id.*

administered.[22] According to Defendant, venue can therefore be proper only in Missouri.

The Court agrees with Defendant that the breach in this case took place where the plan was administered. Courts, including those cited by Plaintiff, rely on contract law to aid in determining where the ERISA breach took place.[23] While Plaintiff relies on cases in which the breach was a denial of benefits, "when the plaintiff alleges only a breach of fiduciary duty, rather than makes a claim for benefits due, the breach is considered to have occurred where defendants acted or failed to act as their duties required."[24]

In the present circumstance, Plaintiff says that Defendant failed to notify him about the plan, and this failure breached its fiduciary duties. Defendants' alleged failure to act could have occurred only where the plan was being administered, which was Missouri, rather than Ohio.

Under ERISA, venue is only proper in Missouri.

### B. Transfer Is Proper.

Plaintiff says that this Court should retain the action because the Northern District of Ohio is the most convenient forum.[25] In support of this argument, Plaintiff says that he chose this venue, that he did so because he resides here, and that the burden of traveling to litigate out of state would be greater for Plaintiff than for Defendant.[26] He also says that

---

[22] Doc. 9 at 2.
[23] *Barker v. New Energy Corp.*, 2006 U.S. Dist. LEXIS 85190, at *4 (stating that "court have looked to principles of contract law to support" their conclusions regarding where the breach occurred); *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F.Supp.2d 852, 856 (D. Md. Aug. 23, 2005) ("Most courts take the view that ERISA benefit plans are contracts, and contract law governs when deciding where a breach of an ERISA plan occurred.").
[24] *Cross*, 383 F. Supp.2d at 856; *McFarland v. Yegen*, 699 F. Supp. 10, 13 (D.N.H. Nov. 1, 1988) ("Where plan beneficiaries are denied what they are due, the breach may well occur where the beneficiaries were to receive those benefits. . . . A breach of fiduciary duties, however, can only occur where the defendants commit or fail to commit the actions that their duties require.").
[25] Doc. 8 at 5. Plaintiff cites to the *forum non-conveniens* doctrine as well as 28 U.S.C. § 1404. The Court will not apply the *forum non conveniens* doctrine. "*Forum non conveniens* today applies only when the superior forum is in a foreign country or perhaps, under rare circumstances, a state court or a territorial court." 14D Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3828 (4th ed.).
[26] Doc. 8 at 4.

because the case has been pending here since November it should remain here.[27]

Defendant says that the parties are already involved in arbitration in Missouri, and all material witnesses reside in Missouri.[28]

Contrary to Plaintiff's argument, courts may only transfer, or in this matter retain, a case in a "district or division where it might have been brought."[29] As noted *supra*, this Court is not the proper venue for this action, and Plaintiff's case was improperly initiated here.[30] The Court therefore may not retain jurisdiction over the action no matter the convenience to Plaintiff of pursuing the action in this district.

28 U.S.C. § 1406 allows a district court to dismiss or transfer an action filed in the improper venue to any district or division in which it could have been brought. This case could have been brought in the Western District of Missouri. In the interest of justice, the matter should be transferred to that court.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to transfer.

IT IS SO ORDERED.

Dated: February 4, 2020            *s/    James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[27] *Id.* at 4-5.
[28] Doc. 9 at 5-6.
[29] 28 U.S.C. § 1404.
[30] *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (affirming Seventh Circuit holding that if plaintiff does not have a right to sue in that district, independently of the wishes of defendant, then it is not a district in which the action 'might have been brought.'").